# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

CLAYTON SAMUEL WILSON,
Plaintiff,

v.

AUSTIN CAPITAL BANK,
Defendant.

Case No.

# COMPLAINT FOR VIOLATION OF 15 U.S.C. §1666b(a) & 15 U.S.C. §1637(b)

## I. JURISDICTION AND VENUE

1. This action arises under the Truth in Lending Act ("TILA"), specifically **15 U.S.C. §1666b(a)** and **§1637(b)**.
2. This Court has jurisdiction under **28 U.S.C. §1331**.
3. Venue is proper under **28 U.S.C. §1391(b)** because Plaintiff resides in Connecticut and the effects of Defendant's conduct occurred in this District.

## II. PARTIES

4. Plaintiff **Clayton Samuel Wilson** is a consumer residing in Bridgeport, Connecticut.
5. Defendant **Austin Capital Bank** is a national financial institution and furnisher of credit information, providing consumer credit products nationwide including to residents of Connecticut.

# III. FACTUAL ALLEGATIONS

## A. The Account

6. Plaintiff opened a consumer credit account with Austin Capital Bank in or around **2024**.
7. Under this account, Defendant issues monthly billing statements showing charges, fees, balances, due dates, and disclosures required by **15 U.S.C. §1637(b)**.

## B. The Statutory Requirement

8. Under **15 U.S.C. §1666b(a)**, a creditor must **mail or deliver** each periodic statement **not later than 21 days before the payment due date**.
9. This 21-day window is mandatory because the statement must contain **all disclosures required by §1637(b)**, giving the consumer time to review, dispute, and make payment.

## C. Defendant's Non-Compliance

10. Beginning in **January 2022 and continuing through at least November 2025**, Defendant repeatedly delivered Plaintiff's billing statements **fewer than 21 days** before the payment due dates.
11. Plaintiff received multiple statements **between 6–12 days before the due date**, a time frame insufficient under federal law.
12. These statements contained charges and disclosures required under **§1637(b)**, but Plaintiff was **not given the mandatory 21-day window** to review or dispute them.

## D. Resulting Harm

13. Because the statements were sent late:

- Plaintiff did not have the legally required time to review charges,
- Plaintiff was unable to confirm accuracy, dispute errors, or ensure timely payments,
- Plaintiff was assessed unfair late fees and negative reporting.

14. Defendant then **furnished negative credit information** to Experian, Equifax, and TransUnion, despite that such adverse information resulted from Defendant's **own statutory violation**.
15. Plaintiff's credit score dropped **over 65 points**, he lost access to credit opportunities, and experienced financial and emotional harm.

### E. Why This States a Claim (Rule 12(b)(6) compliance)

16. Plaintiff alleges **specific conduct** (late statements), **identifies dates, identifies how the conduct violated federal law**, and **shows direct damages**.
17. The allegations "**raise a right to relief above the speculative level**" and present a **plausible claim** for relief, satisfying *Twombly* and *Iqbal*.

# IV. CAUSE OF ACTION

## Violation of 15 U.S.C. §1666b(a) & 15 U.S.C. §1637(b)

18. Plaintiff re-alleges Paragraphs 1–17.
19. Defendant failed to mail or deliver statements at least **21 days before the payment due date**, as required by **§1666b(a)**.
20. Each of these statements contained disclosures required under **§1637(b)**, triggering the 21-day requirement.
21. Defendant's failure to comply constitutes a clear violation of TILA.
22. As a result, Plaintiff suffered statutory damages, actual damages, credit harm, and financial losses.

# V. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Declaratory judgment that Defendant violated **§1666b(a)** & **§1637(b)**;
B. Statutory damages under **15 U.S.C. §1640(a)**;
C. Actual damages for credit score harm, denial of credit, late fees, emotional distress, and financial injury;
D. Injunctive relief compelling Defendant to correct all credit reporting;
E. Costs and reasonable attorney's fees;
F. Any other relief the Court deems appropriate.

# JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

*[signature]*   VCC 1-308

Clayton Samuel Wilson
111 Grandview Ave
Bridgeport CT 06606

VCC 1-308